The CITY OF LAWRENCE, Indiana, Mayor Thomas Schneider, IDRT Associates, LLC, an Indiana limited liability company, and Seneca Associates, LLC, an Indiana limited liability company, Appellants (Intervenors below),

v.

The STATE of Indiana on the relation of IHT CAPITAL, LLC, an Indiana Limited Liability Company, and Glenn Howard, Appellees (Relators below),

and

The Marion County Election Board, John F. Muller, as a Member of the Marion County Election Board, Richard L. Milan, as a Member of the Marion County Election Board, and Sarah M. Taylor, as a member of the Marion County Election Board, Appellees (Defendants Below).

No. 49S02–9609–CV–607.

Supreme Court of Indiana.

Sept. 20, 1996.

## ORDER AND DECISION

SHEPARD, Chief Justice.

A public question on horse racing meetings at which pari-mutuel wagering occurs will appear on the November 5, 1996 general election ballot in Marion County, Indiana. This case concerns the wording of the public question.

The trial court's September 13, 1996 judgment directs that the question must be presented as "Shall horse racing meetings at which pari-mutuel wagering occurs be allowed in Marion County?" *See* Ind.Code § 4–31–4–3(d).

Appellants, the City of Lawrence, Indiana, Mayor Thomas Schneider, IDRT Associates, LLC, and Seneca Associates, LLC, ask the Court to direct that the phrase "on public property" be inserted. Appellees, the State of Indiana on the relation of IHT Capital, LLC, and Glenn L. Howard, ask the Court to affirm the trial court's judgment.

Appellants petitioned to transfer this appeal to this Court pursuant to Indiana Appellate Rule 4(A)(9). The Court GRANTS that request and ASSUMES JURISDICTION of

this appeal. Each side has filed its primary brief on the merits and other papers. We have reviewed those materials and the record in reaching a decision in this matter.

Both sides inform us that statutory deadlines for ballot preparation make time critical in this appeal. Appellants have expressly asserted that an emergency exists for a speedy determination. Therefore, we have decided to rule on the merits of the appeal immediately and to render our decision by order.

We have concluded that the trial court correctly ruled that the Election Board must use the words mandated by Indiana Code § 4–31–4–3(d). Accordingly, the trial court is AFFIRMED and the public question shall be submitted to voters as directed in the trial court's judgment. Appellants request for a stay of the trial court's order pending appeal, being no longer necessary, is DENIED.

All Justices concur, except BOEHM, J., who is not participating.